Slip Op. 00 - 21

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - - - - x

CRESCENT FOUNDRY CO. PVT. LTD. et al.,                :

                    Plaintiffs,        :

            v.                    Court No. 95-09-01239

                            :

UNITED STATES,                                        :

                    Defendant.    :

- - - - - - - - - - - - - - - - - - - - - x

<u>Memorandum & Order</u>

[Upon plaintiffs' motion, case remanded again
 to the International Trade Administration.]

Dated: February 18, 2000


    Cameron & Hornbostel LLP (Dennis James, Jr.) for the plain-
tiffs.


      AQUILINO, Judge:  The background of this case, which
arises out of <u>Certain Iron-Metal Castings From India: Final Re-</u>
<u>sults of Countervailing Duty Administrative Review</u>, 60 Fed.Reg.
44,849 (Aug. 29, 1995), is set forth <u>sub</u> <u>nom</u>. <u>Crescent Foundry</u>
<u>Co. Pvt. Ltd. v. United States</u>, 20 CIT 1469, 951 F.Supp. 252
(1996), <u>remand</u> <u>results</u> <u>aff'd</u>, 21 CIT ___, 969 F.Supp. 1341
(1997), <u>aff'd</u> <u>in</u> <u>part</u>, <u>rev'd</u> <u>in</u> <u>part</u>, 168 F.3d 1322 (Fed.Cir.
1998), familiarity with which is presumed.  In conformity with
the mandate of the court of appeals, which was spelled out in
its lead decision in <u>Kajaria Iron Castings Pvt. Ltd. v. United</u>
<u>States</u>, 156 F.3d 1163 (Fed.Cir. 1998), raising identical issues
from another period of administrative review, Senior Judge Di-

Carlo remanded[1] the case again to the International Trade Admin-
istration, U.S. Department of Commerce ("ITA") on the grounds
that its

> methodology double counted the subsidies the [plain-
> tiffs] received from the CCS over-rebates, by counter-
> vailing both the over-rebates and the section 80HHC
> deduction attributable to those over-rebates

and that its

> decision to countervail the portion of the section 80-
> HHC deduction attributable to the IPRS rebates on non-
> subject castings [was] beyond its statutory authority.

156 F.3d at 1180.

During the period under administrative review, the in-
come-tax deduction, an International Price Reimbursement Scheme
("IPRS"), and a Cash Compensatory Support ("CCS") program were in
effect in India.  According to the record at bar, section 80HHC
of the tax law[2] of that land permitted deduction from taxable in-
come of profits derived from exports of merchandise. Simply stated,
IPRS reimbursed Indian producers for difference in price between
domestic pig iron and that available for less on the world market.
CCS rebated indirect taxes and import duties and charges borne by
inputs physically incorporated into export product.  A producer

---

[1] His order per <u>Crescent Foundry Co. Pvt. Ltd. v. United States</u>, 22 CIT ___, Slip Op. 99-5 (Jan. 8, 1999), granted leave to return to court to contest the results thereof.  The ITA's <u>Corrected Final Results of Redetermination on Remand</u> have been duly docketed herein, and the plaintiffs have filed comments on them, along with a motion for oral argument.  The latter is here-by denied, given the quality of their written submission and the lack of any response by other parties.

[2] <u>See</u> <u>Corrected Final Results</u>, Appendix 1.

received the latter upon export, calculated as a percentage of the invoice price of the goods.  To the extent the ITA came to conclude that such rebates exceeded the total amount of such charges upon those inputs, it treated the excess (the "over-rebate") as a countervailable subsidy.  Because income from exports included IPRS grants and CCS rebates, those benefits had an impact on the deductions pursuant to §80HHC.

In Kajaria Iron Castings Pvt. Ltd. v. United States, 23 CIT ___, Slip Op. 00-20 (Feb. 18, 2000), this court was constrained to conclude that the ITA's Corrected Final Results of Redetermination on Remand filed therein were not yet in conformity with the foregoing mandate of the Federal Circuit, whereupon that case was remanded to the agency for further reconsideration.

Since the Corrected Final Results filed herein are based upon the same reasoning, the same relief is necessary. Hence, for the reasons stated in Slip Op. 00-20 in Kajaria, this case is hereby remanded to the ITA for recalculation of the net subsidies to the plaintiffs under §80HHC, using a methodology that complies with the mandate of the court of appeals, eliminating both IPRS grants and the double-counting of the CCS over-rebates in a manner not inconsistent with that court's opinion.

The defendant may have 90 days to complete said recalculation and to report the results thereof to this court, where-

upon the parties may file written comment(s) thereon within 30 days, with any reply thereto submitted within 15 days thereafter.

So ordered.

Dated: New York, New York
       February 18, 2000


_____
                                  Judge